UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FAJER DAGHLAS,

    Petitioner,

v.

CHARLES GREEN,

    Respondent.

Civil Action No. 16-1196 (CCC)

**MEORANDUM ORDER**

    This matter has come before the Court on a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, filed by Petitioner Fajer Daghlas. Petitioner is challenging his detention by immigration officials during the pendency of his removal proceedings. Petitioner argues that his indefinite detention is unconstitutional without affording him a bond hearing. Respondent filed an answer on May 2, 2016, (ECF No. 3), and Petitioner filed a traverse on June 16, 2016, (ECF No. 4).

    In his answer, Respondent asserts that Petitioner has already received a bond hearing from the immigration court. (ECF No. 3 at 1.) Petitioner admits to this assertion. (ECF No. 4 at 1-2.) Since Petitioner was provided with an individualized bond hearing, he has already received all the protection the Constitution requires, rendering the Petition moot. *See Williams v. Aviles*, No. 14-6463, 2016 WL 3014402, at *1 (D.N.J. May 25, 2016); *Carmil v. Green*, No. 15-8001, 2015 WL 7253968, at *3 (D.N.J. Nov. 16, 2015). To the extent Petitioner is seeking a review of the bond determination, this Court is without jurisdiction to review that determination. *See* 8 U.S.C. § 1226(e) (No court may set aside "[t]he Attorney General's discretionary judgment [in] any action or decision . . . regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole"); *Asemani v. Att'y Gen. of U.S.*, 140 F. App'x 368, 376 (3d Cir. 2005) (federal

statute "specifically prohibits direct review of bond orders"); *Pena v. Davies*, No. , 2016 WL 74410, at *3 (D.N.J. Jan. 6, 2016) ("This Court, does not have the power to second guess the discretionary decision of the IJ to deny [the petitioner's] release on bond.").

Petitioner also raises a challenge to his detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001). However, *Zadvydas* only applies to habeas cases where a final order of removal has been entered against a petitioner; that is, the petitioner has exhausted all administrative remedies regarding an order of removal in the immigration court. *Id.* at 687; *Castellanos v. Holder*, 337 F. App'x 263, 268 (3d Cir. 2009). Here, both Petitioner and Respondent state that Petitioner has appealed his removal order to the Board of Immigration Appeals, and that the appeal is still pending. (ECF No. 3 at 1; ECF No. 4 at 1.) As such, Petitioner's removal order is not final, and his *Zadvydas* challenge is premature.

IT IS therefore on this __18__ day of __August__, 2016,

**ORDERED** that the Petition, ECF No. 1, is hereby **DENIED** as moot; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order on Petitioner by regular mail, and shall **CLOSE** the file.

_____
Claire C. Cecchi, U.S.D.J.